UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. **'07 MJ 2724** |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Victor SERRANO,** ) | Attempted Entry After Deportation |
| AKA: Marco Anotnio CRUZ, ) | |
| ) | Title 18 U.S.C. § 1544 |
| Defendant. ) | Misuse of Passport |

FILED
07 NOV 21 PM 12:06

The undersigned complainant being duly sworn states:

### Count 1

On or about **November 20, 2007**, within the Southern District of California, defendant **Victor SERRANO AKA: Marco Antonio CRUZ**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

### Count 2

On or about **November 20, 2007**, within the Southern District of California, defendant **Victor SERRANO AKA: Marco Antonio CRUZ** did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 039565491, issued to Marco Antonio CRUZ to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Marco Antonio CRUZ, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT

Sworn to before me and subscribed in my presence this 21st day of **November, 2007**.

MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that Victor SERRANO, aka Marco Antonio CRUZ used the passport issued for the use of another. This Affidavit is made in support of a complaint against Victor SERRANO for violation of Title 18, U.S.C., Section 1544, Misuse of a passport.

3. On 11/20/2007, at approximately 0646 hours, Victor SERRANO presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Yisdro Port of Entry, to apply for admission into the United States. SERRANO identified himself with US Passport number 039565491, bearing the name Marco Antonio CRUZ, DPOB 03/15/1982, California, USA, and a photograph that did not bear his likeness. The CBP Officer recognized the discrepancy and SERRANO was referred for secondary inspection.

4. On 11/20/2007, CBP Officer conducted a secondary inspection of SERRANO. During the interview SERRANO admitted that his true name was Victor SERRANO, DPOB 08/12/1977, Guanajuato, Mexico, and that he was a citizen of Mexico, not a US Citizen. Fingerprint checks revealed that SERRANO had a FBI record in NCIC for a previous arrest. The record indicates an apparent arrest in late 2005/early 2006 for Lewd and Lascivious conduct with a Child Under 14, and subsequent conviction for violation of California Penal Code 261.5 – Rape Victim Unconscious of Nature of Act. SERRANO was kept in the secondary inspection area.

5. On 11/20/2007, at approximately 1615 hours, the Affiant was notified by the CBP at the San Yisdro POE of the case.

6. On 11/20/2007, the Affiant conducted checks of the US Department of State, US Passport database. Record checks revealed that US Passport number 039565491 had not yet been reported lost/stolen.

7. On 11/20/2007 CBP Officer Pederson conducted DHS record checks. Records revealed that SERRANO had been formally deported from the United States on 08/31/2007.

8. On 11/20/2007, at approximately 1730 hours, SERRANO was retrieved from a seating area in the secondary inspection area and was brought to an upstairs interview room. The Affiant, assisted by

CBP Officer Pederson who served as translator, obtained consent from SERRANO to have his interview audio and video taped. SERRANO was read his Miranda warning in Spanish and provided a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Victor SERRANO, DPOB, 08/12/1977, Guanajuato, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. SERRANO said that he has never applied of a US Visa or attempted to legally enter the United States. SERRANO admitted to having paid a man who solicited him in Tijuana, 1000 Pesos for the US passport. Affiant asked SERRANO if he inquired about where the passport came from. SERRANO replied in Spanish, "Truthfully, I didn't care where it came from." SERRANO stated that he then used the passport, knowing that it was not his and a violation of US law, to apply for entry to the United States at the San Yisdro Port of Entry. He also knew it was a violation of US law to apply for entry into the US claiming to be a US citizen if you are not a US citizen. SERRANO also admitted to having a felony conviction in California, being currently on probation, and to have recently been deported from the US. SERRANO stated that he knew that it was a violation of US law to return to the US after having been deported and know committing these acts was a violation of the terms of his probation. SERRANO made a sworn written statement admitting to the facts of the case. SERRANO claimed that he was attempting illegal entry into the United States for the sole purpose of retrieving some clothes from his friend's house in the Los Angeles area.

On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offence on 11/20/2007 - in violation of Title18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Marco Antonio CRUZ, knowing that it was not issued or designed for his use, in order to gain admission into the United States.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service