KAREN P. HEWITT
United States Attorney
REBEKAH W. YOUNG
Assistant U.S. Attorney
California State Bar No. 214859
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7179
E-mail: rebekah.young@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR SERRANO, <br><br> Defendant. | Criminal Case No. 07CR3277-BTM <br><br> **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** <br><br> **TOGETHER WITH STATEMENT OF THE CASE AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:  January 18, 2008 <br> Time:  1:30 p.m. <br> Court: The Hon. Barry Ted Moskowitz |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Rebekah W. Young, Assistant United States Attorney, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery. This Response is based upon the files and records of the case together with the attached Statement of the Case and Memorandum of Points and Authorities.

/ /

/ /

/ /

/ /

/ /

**I**

**STATEMENT OF THE CASE**

On December 5, 2007, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Victor Serrano ("Defendant") with Attempted Entry After Deportation, in violation of 8 U.S.C. §1326(a) and (b) and Misuse of Passport, in violation of 18 U.S.C. §1544.  On December 6, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty

**II**

**GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

Part of the Government's burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported from the United States to Mexico.  To make that showing, the Government will call an expert in fingerprint identification to testify that the Defendant is in fact the individual whose fingerprints appear on the warrant of deportation or removal.  The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.  Defendant's fingerprints are not testimonial evidence.  See Schmerber v. California, 384 U.S. 757 (1966).  Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).  Thus, the Government respectfully requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

**III**

**GOVERNMENT'S  MOTION FOR RECIPROCAL DISCOVERY**

**A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

The Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1), the Government requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or

portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.    Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions for fingerprint exemplars and reciprocal discovery be granted.


DATED: January 6, 2008

                                            Respectfully Submitted,

                                            KAREN P. HEWITT
                                            United States Attorney

                                            /s/ ***Rebekah W. Young***
                                            REBEKAH W. YOUNG
                                            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>VICTOR SERRANO,<br><br>              Defendant. | Criminal Case No. 07CR3277-BTM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, REBEKAH W. YOUNG, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Zandra Lopez

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 6, 2008.

                                              /s/ ***Rebekah W. Young***
                                              REBEKAH W. YOUNG
                                              Assistant U.S. Attorney