KAREN P. HEWITT
United States Attorney
REBEKAH W. YOUNG
Assistant U.S. Attorney
California State Bar No. 214859
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7179
E-mail: rebekah.young@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR3277-BTM |
| ) | |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S RESPONSE IN** |
| ) | **OPPOSITION TO DEFENDANT'S** |
| v. ) | **MOTION FOR DISCOVERY** |
| ) | |
| ) | **TOGETHER WITH STATEMENT OF** |
| VICTOR SERRANO, ) | **THE CASE AND MEMORANDUM OF** |
| ) | **POINTS AND AUTHORITIES** |
| Defendant. ) | |
| ) | |
| ) | Date:  January 18, 2008 |
| ) | Time:  1:30 p.m. |
| _____ ) | Court: The Hon. Barry Ted Moskowitz |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Rebekah W. Young, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's Motion for Discovery and for Leave for File Further Motions. The Government's Response is based upon the files and records of the case together with the attached Statement of the Case, Statement of Facts, and Memorandum of Points and Authorities.

//
//
//
//
//

**I**

**STATEMENT OF THE CASE**

On December 5, 2007, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Victor Serrano ("Defendant") with Attempted Entry After Deportation, in violation of 8 U.S.C. §1326(a) and (b) and Misuse of Passport, in violation of 18 U.S.C. §1544. On December 6, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty. On January 6, 2008, the Government filed its motion for fingerprint exemplars and reciprocal discovery. On January 8, 2008, Defendant filed a motion for discovery.

**II**

**STATEMENT OF FACTS**

On November 20, 2007, at approximately 6:45 a.m., Defendant presented himself to a Customs and Border Protection (CBP) Officer at the pedestrian lanes at the San Ysidro Port of Entry to apply for admission into the United States. Defendant identified himself with a United States passport bearing passport number 039565491 and bearing the name "Marco Antonio Cruz." The date of birth listed on the passport was March 15, 1982, and the place of birth was listed as California. The passport also bore a photograph that did not resemble Defendant. The officer recognized the discrepancy and Defendant was referred to secondary inspection. During his time at secondary, Defendant admitted that his true name was Victor Serrano and that his date of birth was August 12, 1977 and his place of birth was Guanajuato, Mexico. He also admitted that he was a citizen of Mexico, and was not a United States citizen. Fingerprint checks revealed that Defendant had a prior criminal conviction for violating California Penal Code §261.5(c) (statutory rape). (The Government has since determined that Defendant's victim was 13 at the time of the offense and that Defendant was more than 10 years older than his victim at the time. Indeed, Defendant was initially charged with violating California Penal Code §288(a) -- Lewd and Lascivious Acts with Child Under 14 -- but later pled out to the § 261.5(c) charge and received 180 days in jail and 5 years probation.) Record checks also revealed that Defendant had been formally removed from the United States to Mexico on August 31, 2007. Based on the above, Defendant was detained in the secondary inspection area at the San Ysidro Port of Entry.

1    At approximately 4:15 p.m., Special Agent Richard Escott of the U.S. State Department was
2 notified by Customs and Border Protection regarding Defendant's apprehension.  Agent Escott checked
3 the State Department's U.S. Passport database and determined that passport number 039565491 had not
4 yet been reported lost or stolen.  At approximately 5:30 p.m., Defendant was retrieved from a seating
5 area in the secondary inspection area and was brought to an upstairs interview room.  Agent Escott was
6 assisted by  CBP Officer Pederson who served as translator, and obtained consent from Defendant to
7 have his interview videotaped. Defendant was read his Miranda warning in Spanish and provided a
8 written copy of the warnings. He stated that he understood and waived his right to counsel.
9    During his subsequent interview, Defendant again admitted that his true name was Victor
10 Serrano, that his date of birth was August 12, 1977 and that his place of birth was Guanajuato, Mexico.
11 Defendant also stated that he was a citizen of Mexico and not a citizen of the United States, and said that
12 he has never applied for a U.S. Visa or attempted to legally enter the United States. Defendant admitted
13 to having paid 1000 pesos to a man in Tijuana for the U.S. passport. Agent Escott asked Defendant if
14 he'd asked where the passport had came from, and Defendant replied in Spanish, "Truthfully, I didn't
15 care where it came from."  Defendant stated that he then used the passport, knowing that it was not his
16 and that it was a violation of U.S. law to apply for entry to the United States.  He also said that he knew
17 it was a violation of U.S. law to apply for entry into the United States by falsely claiming to be a U.S.
18 citizen. Defendant also admitted that he had a felony conviction in California, that he was  currently on
19 probation, and that he'd been recently removed from the United States to Mexico. Defendant stated that
20 he knew that it was a violation of U.S. law to return to the United States after having been removed and
21 the knew that committing these acts was a violation of the terms of his probation. Defendant made a
22 sworn written statement admitting to the facts of the case.  Defendant claimed that he was attempting
23 illegal entry into the United States for the sole purpose of retrieving some clothes from his friend's house
24 in the Los Angeles area.

## III

## **DEFENDANT'S DISCOVERY MOTION**

The initial 53 pages of discovery provided in this case included reports of Defendant's arrest, Defendant's rap sheet, and copies of Defendant's immigration and conviction documents. Defendant has also been provided with a copy of the DVD from his post-Miranda interview and the audiotapes from his removal hearing before an Immigration Judge. Finally, Defendant has been provided with additional discovery documenting his prior felony conviction. The Government will also schedule an A-File viewing at Defendant's convenience. Additional discovery requests are discussed below.

**(1)     Brady Material**

The Government has and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995). Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam). Under Brady, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control

1  over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).   Brady does not require
2  the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610
3  F.2d 685, 687 (9th Cir. 1980), but only requires that it "supply a defendant with exculpatory information
4  of which it is aware."  United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(2)    Any Proposed 404(b) Evidence**

The Government will disclose in advance of trial the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  Evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined."  United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

**(3)    Request for Preservation of Evidence**

The Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984).  To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).  The Government has made every effort to preserve evidence it deems to be relevant and material to this case.  Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the Defendant.  See Illinois v. Fisher, 540 U.S.1174 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

**(4)    Defendant's Statements**

The Government recognizes its obligation, under Rules 16(a)(1)(A) and 16(a)(1)(B), to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. (Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.)  The Government has produced all of the Defendant's statements that are known to the undersigned Assistant

1  U.S. Attorney at this date. If the Government discovers additional oral or written statements that require
2  disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided.

3  **(5)    <u>Tangible Objects</u>**

4  The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing
5  Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that
6  are within its possession, custody, or control, and that is either material to the preparation of Defendant's
7  defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was
8  obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence
9  in advance of trial. <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984). As noted above, the
10 Government will schedule an A-File viewing at Defendant's convenience.

11 **(6)    <u>Expert Witnesses</u>**

12 The Government will disclose to Defendant the name, qualifications, and a written summary of
13 testimony of any expert the Government intends to use during its case-in-chief at trial pursuant to Fed.
14 R. Evid. 702, 703, or 705.

15 **(7)    <u>Witness Addresses</u>**

16 The Government has already provided Defendant with the reports containing the names, work
17 addresses, and telephone numbers of the inspectors, officers and special agents whom asked questions
18 of Defendant. In its trial memorandum, the Government will provide Defendant with a list of all
19 witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not
20 required. <u>See</u> <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d
21 907, 910 (9th Cir. 1987). The Government strenuously objects to providing the home addresses or the
22 home or personal cellular telephone numbers to Defendant. In non-capital cases, the Government is not
23 even required to disclose the names of its witnesses prior to trial. <u>United States v. Dishner</u>, 974 F.2d
24 1502, 1522 (9th Cir 1992); (<u>citing</u> <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United</u>
25 <u>States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996); <u>see</u> <u>also</u> <u>United States v. Bejasa</u>, 904 F.2d 137 (2d
26 Cir. 1990) (holding that United States did not improperly deny defendant access to government
27 witnesses whose telephone numbers and addresses the government refused to provide because defendant
28

1 knew the identities of the government witnesses and presumably knew their telephone numbers or could
2 have contacted them through the exercise of due diligence).

3 **(8)   Jencks Act Material**

4 Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into the Federal Rules of Criminal
5 Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination,
6 the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the
7 Government's possession that was made by the witness relating to the subject matter to which the
8 witness testified. 18 U.S.C. §3500(b). For purposes of the Jencks Act, a "statement" is (1) a written
9 statement made by the witness and signed or otherwise adopted or approved by her, (2) a substantially
10 verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement
11 by the witness before a grand jury. 18 U.S.C. §3500(e).   If notes are read back to a witness to see
12 whether or not the government agent correctly understood what the witness was saying, that act
13 constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d
14 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). Jencks will be
15 complied with at the time of trial.

16 **(9)   Informants and Cooperating Witnesses**

17 At this time, the Government is not aware of any confidential informants or cooperating
18 witnesses involved in this case. The Government must generally disclose the identity of informants
19 where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense.
20 Roviaro v. United States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this
21 case, the Court may, in some circumstances, be required to conduct an in-chambers inspection to
22 determine whether disclosure of the informant's identity is required under Roviaro. See United States
23 v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). If the Government determines there is a
24 confidential informant somehow involved in this case, it will either disclose the identity of the informant
25 or submit the informant's identity to the Court for an in-chambers inspection.

26 **(10)   Residual Request**

27 The Government has already complied with Defendant's residual request for prompt compliance
28 with Defendant's discovery requests.

### III

### **DEFENDANT'S MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

The Government does not oppose Defendant's request for leave to file further motions, as long as such motions are based on discovery not yet received by Defendant.

DATED:  January 14, 2008

                                      Respectfully Submitted,

                                      KAREN P. HEWITT
                                      United States Attorney

                                      /s/ ***Rebekah W. Young***
                                      REBEKAH W. YOUNG
                                      Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | Criminal Case No. 07CR3277-BTM |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | |
| VICTOR SERRANO,    ) | CERTIFICATE OF SERVICE |
| ) | |
| Defendant.    ) | |
| _____    ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBEKAH W. YOUNG, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   Zandra Lopez

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

   None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2008.

                                    /s/ *Rebekah W. Young*
                                    REBEKAH W. YOUNG
                                    Assistant U.S. Attorney